812 F.2d 1401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jay W. MALCAN, Plaintiff-Appellant,
v.
Wayne C. HALL, individually and in his official capacity as
Provost and Vice President for Academic Affairs,
Virginia Commonwealth University,
Defendant-Appellees,
and
Laurin L. Henry, individually and in his official capacity
as Dean, School of Community and Public Affairs, Virginia
Commonwealth University, and Keith C. Wright, individually
and in his official capacity as Chairman, School of
Community and Public Affairs, Promotion and Tenure
Committee, Defendants.
 No. 86-2104.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 9, 1987.
Decided Feb. 12, 1987.
 
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Robert P. Geary, Geary & Davenport, on brief for appellant.
 Mary Sue Terry, Attorney General of Virginia, David L. Ross and Patrick B. Kelly, Special Assistant Attorneys General, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Plaintiff, a white-male, United States citizen, initiated this action under 42 U.S.C. Sec. 1983, seeking relief from a denial of tenure by Virginia Commonwealth University (VCU). Plaintiff claimed that the actions of certain VCU officials leading to the denial of promotion and tenure violated his constitutional rights to equal protection and due process.
 
 
 2
 The district court granted summary judgment in favor of defendants on both issues. With regard to equal protection the court held that plaintiff would have to show that the decision to deny promotion and tenure was motivated by sexual or racial animus or infringed upon plaintiff's First Amendment rights. Clark v. Whiting, 607 F.2d 634, 638-39 (4th Cir.1979). Because plaintiff could present no such evidence (indeed it was questionable that plaintiff had presented enough evidence to create a question of fact that he was treated differently than other candidates as would be required to found an equ l protection claim), the court granted summary judgment as to the equal protection claim.
 
 
 3
 To uphold the district court's decision, it is unnecessary to endorse an absolute rule that a decision violates equal protection only if race, sex or the First Amendment are factors. The state is prohibited from purely irrational actions, even if not based on those sensitive criteria. See, e.g., New Orleans v. Dukes, 427 U.S. 297, 303 (1976). However, there was nothing to suggest that VCU's decision in plaintiff's case was irrational. Because the decision was neither irrational nor based on an impermissible motive, the judgment of the district court must be affirmed with respect to the equal protection claim.
 
 
 4
 With regard to plaintiff's claim that he was denied due process, the district court ruled that plaintiff did not have a property interest in continued employment and promotion and therefore that he had experienced no loss for which the Constitution provides a remedy. Although there may be circumstances in which a "statute, ordinance or institutional regulation" might create an interest which the Constitution will recognize, Board of Regents v. Roth, 408 U.S. 564 (1972), Clark v. Whiting, supra, 607 F.2d at 642-43, that is not the case here. VCU Promotion and Tenure Policies and Procedures specifically provide that "[t]enure is not guaranteed to any tenure eligible faculty member." Promotion and Tenure Policies and Procedures p. 9. There was no de facto tenure. In the face of such a specific mandate to the contrary, plaintiff cannot claim an entitlement to tenure or promotion.
 
 
 5
 Plaintiff argues that he had a protected interest in ensuring that the University acted in conformance with its own regulations in making tenure determinations. However, he produced no evidence that the University deviated from established procedures in any material respect. It appears that the University followed ordinary procedures consistent with its stated goal to retain an excellent teaching staff. The miniscule deviation from absolute uniformity that founds plaintiff's claim is inherent in any activity in which human beings participate.
 
 
 6
 It should also be pointed out that, had plaintiff been able to produce evidence of an entitlement to promotion and tenure amounting to a property interest, the procedures followed by defendants in terminating the interest did not deny plaintiff due process of law. The process that is due in a particular circumstance is dependent upon the nature of the interest at issue. Siu v. Johnson, 748 F.2d 238, 244 (4th Cir.1984). The appropriate procedures for making a tenure decision "contemplate a subjective, evaluative decisional process by academic professionals rather than objective fact-finding process by tribunals adapted to that quite different purpose." Siu v. Johnson, supra, at 244. According to that standard, plaintiff was provided with the requisite procedural protection assuming any was necessary.
 
 
 7
 The judgment of the district court is, therefore,
 
 
 8
 AFFIRMED.